United States District Court
Southern District of Texas
**ENTERED**
May 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAAJWAR ALI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-25 |
| | § | |
| RODNEY SNEED, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Defendant Rodney Sneed's Motion for Summary Judgment. (Dkt. 130). After carefully reviewing the motion, response, reply, and all of the summary judgment evidence, the Court has determined that it lacks subject matter jurisdiction to hear the case. Accordingly, the case is dismissed for lack of jurisdiction, and the motion for summary judgment is **DENIED as moot.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This is a Fourth Amendment excessive force case[1] arising from a brief altercation between the plaintiff, Taajwar Ali ("Ali"), and the individual defendant, a Harris County deputy named Rodney Sneed ("Sneed"). Ali and Sneed were cordial work acquaintances at Harris County Department of Education Academic Behavioral School—West, where Ali was an educational aide and Sneed was a contract sheriff's deputy (Dkt. 70-3 at pp. 1, 4; Dkt. 70-7 at p. 12; Dkt. 70-8 at p. 1). While at work, Ali and Sneed had two verbal

---

[1] At the hearing on the defendants' motions for summary judgment, the plaintiff voluntarily dismissed his claims under the Texas Constitution. *See* audio recording of hearing held on February 25, 2020 at 3:14–3:15. Only claims under the Fourth Amendment to the United States Constitution remain.

confrontations that escalated into a brief physical altercation. (Dkt. 70-3 at p. 4; Dkt. 70-7 at pp. 10, 15–19; Dkt. 70-8 at pp. 1–2).

The first confrontation began with Ali asking Sneed to unlock the door to the school custodian's office so that Ali could use the computer in that office (Dkt. 70-3 at p. 4; 70-7 at p. 8). Sneed was sitting down some distance away from Ali, and Ali asked Sneed to walk over to him (Dkt. 70-3 at p. 4; Dkt. 70-7 at pp. 8–9). Sneed told Ali that he needed to come get the key from Sneed (Dkt. 70-3 at p. 4; Dkt. 70-7 at p. 8). Neither man wanted to walk to the other; Ali testified that he had "had issues with [his] legs" and walked with a cane (Dkt. 70-7 at p. 9), while Sneed testified that he "was assigned by the principal to help monitor the kids in the cafeteria and was supposed to stay in there until the lunch period was over" (Dkt. 70-3 at p. 4).

In the end, Ali relented and walked over to Sneed to get the key (Dkt. 70-3 at p. 4; Dkt. 70-8 at p. 1). However, as he walked over to Sneed, Ali commented that walking would be good exercise for Sneed (Dkt. 70-3 at p. 4; Dkt. 70-7 at p. 9; Dkt. 70-8 at p. 1). Sneed interpreted Ali's comment as a jibe "about [Sneed's] weight" (Dkt. 70-3 at p. 4), and Sneed then refused to give Ali the key (Dkt. 70-3 at p. 4; Dkt. 70-7 at p. 10). Sneed's refusal to give Ali the key led to a bit more grumbling between the two,[2] but Ali walked away without further incident and found the head custodian, who gave him a key to the custodian's office (Dkt. 70-8 at p. 1).

---

[2] Ali testified that he said to Sneed, "I thought you were a brother, but you turned cop" (Dkt. 70-7 at p. 10; Dkt. 70-8 at p. 1). Sneed testified that Ali "was mumbling something in a loud voice as he walked away" (Dkt. 70-3 at p. 4).

Sneed walked into the office about ten minutes later where Ali was using the computer. (Dkt. 70-3 at p. 4; Dkt. 70-7 at p. 11). The two had more words, with Ali eventually threatening a lawsuit and Sneed offering the use of his phone so that Ali could call an attorney or Sneed's supervisor (Dkt. 70-3 at p. 4; Dkt. 70-7 at p. 13; Dkt. 70-8 at p. 2). At that point, the parties' accounts of the relevant events diverge.

According to Ali's deposition testimony, Sneed:

> mov[ed] behind away and around the desk to the back of the custodian office until he got to [Ali's] back. And he put his knee—his left knee in [Ali's] back and was really pushing up against [Ali's] back . . . with his left knee in the middle of [Ali's] back while [Ali] was sitting down.
> Dkt. 70-7 at p. 13.

Ali testified that he ignored Sneed's provocation and "refocused [his] attention" on his work, only to have Sneed punch him in the back of the head (Dkt. 70-7 at p. 17). Ali testified that Sneed's punch was forceful enough to drive Ali's head forward until it almost hit the desk at which Ali was sitting (Dkt. 70-7 at p. 17). Ali saw a medical provider, Physicians at Sugar Creek, the day after the incident, complaining of "neck stiffness and ongoing pain to the right side of the head" (Dkt. 95-1 at p. 2). A physical examination documented tenderness and mild swelling on the right lateral scalp (Dkt. 95-1 at p. 2).

Sneed acknowledges that he and Ali had a physical confrontation and that he "believe[s his] palm touched the right side of Mr. Ali's head[,]" but Sneed claims that he was acting in self-defense because Ali tried to hit him with his cane (Dkt. 70-3 at p. 4). Sneed contests Ali's testimony as to the force involved, saying that he "do[esn't] believe [Ali's] head moved at all" (Dkt. 70-3 at p. 4).

Ali subsequently filed this action against Sneed. Among other things, Sneed admitted in his answer that with respect to the allegations in the lawsuit, "he was a law enforcement officer acting under the color of law." (Dkt. 136 at p. 6; Dkt. 50 at p. 3). Later Sneed moved for summary judgment on the grounds that he was entitled to qualified immunity. (Dkt. 68). The Court denied the motion, finding that Sneed was not entitled to qualified immunity. (Dkt. 104). Sneed appealed the order. (Dkt. 107). The Fifth Circuit remanded the case for this Court to determine whether it has subject matter jurisdiction to hear this dispute. The resolution of this question turns on whether Sneed's alleged use of force was related to Sneed's state-granted authority as a law enforcement officer—whether he acted against Ali under color of state law—or was the result of a personal dispute. (Dkt. 132). The Court considers these questions below.

## II.   STANDARD OF REVIEW

### a.  Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). The party seeking to invoke federal jurisdiction bears the burden of establishing subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). In determining whether it has subject matter jurisdiction, the Court can consider: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**b.   42 U.S.C. § 1983**

To state a claim under Section 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). The Fifth Circuit has held that a failure to state a cause of action under 42 U.S.C. § 1983 "has the effect of depriving federal courts of subject matter jurisdiction." *Herald v. Schweiker*, 658 F.2d 359, 363 n. 6 (5th Cir. 1981) (citing *Campbell v. Gadsden Cty. Dist. Sch. Bd.*, 534 F.2d 650, 653 n. 3 (5th Cir. 1976)). When the failure to state a cause of action will deprive a district court of "subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. at 141. (citation omitted).

Absent allegations of misconduct "under color of state law," a district court lacks subject-matter jurisdiction to hear claims brought under §1983. The requirement that the defendant was acting under state law is a jurisdictional requirement, not a substantive determination, and cannot be waived. "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action take 'under color of' state law." *United States v. Causey*, 185 F.3d 407, 415 (5th Cir. 1999). "That is, a defendant acts under color of state law if he "misuses or abuses his official power" and if "there is a nexus between the victim, the improper conduct, and

[the defendant's] performance of official duties.'" *Townsend v. Moya*, 291 F.3d 859, 861

(5th Cir. 2002) (citing *Causey*, 185 F.3d at 415).

"Whether an officer is acting under color of state law does not depend on his on-

or off-duty status at the time of the alleged violation." *Bustos v. Martini Club, Inc.*, 599

F.3d 458, 460–61 (5th Cir. 2010). "Rather, the court must consider: (1) whether the

officer misused or abused his official power, and (2) if there is a nexus between the

victim, the improper conduct, and the officer's performance of official duties." *Id.* at

464–65. "If an officer pursues personal objectives without using his official power as a

means to achieve his private aim, he has not acted under color of state law." *Id.* at 465.

### III.   ANALYSIS

#### a.   Ali cannot establish that Sneed was acting under color of law.

Ali asserts that Sneed was acting under color of law during the altercation because

"Sneed was in his full uniform, held himself out as an officer, believed that Mr. Ali was

in the commission [of] a crime, and, based on that belief, struck Mr. Ali in the back of his

head." (Dkt. 136 at p. 6). In support of this assertion, Ali cites Sneed's Incident Report,

which states that Sneed was on duty shortly before the altercation and that Sneed was in

uniform. However, the report does not state that Sneed believed Ali was committing a

crime or that he struck Ali as a result of that belief. (Dkt. 69-1 at p. 5). Furthermore,

allegations that Sneed was in uniform or even on duty at the time of the altercation are

insufficient to establish that Sneed was acting under color of law.

The Fifth Circuit has repeatedly held that whether a state officer is acting under

color of law does not depend on whether the officer was on duty at the time of the alleged

violation. *See Townsend*; 291 F.3d 859; *Delcambre v. Delcambre*, 635 F.2d 407, 408 (5th Cir. 1981) (*per curiam*). Similarly, whether a police officer is in uniform is not controlling. *See United States v. Causey*, 185 F.3d 407, 442 (5th Cir. 1999) (Dennis, J. concurring) (examining the case law of other circuits and concluding that "[t]he fact that a police officer is on or off duty, or in or out of uniform is not controlling. It is the nature of the act performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under color of law.) (citations omitted).

The Court finds that the dispute between Sneed and Ali was personal and that Sneed did not misuse or abuse his official power during the altercation. Sneed and Ali had a cordial relationship prior to the dispute that became the basis for this lawsuit. The dispute began with a verbal exchange about Sneed's weight. The situation escalated into a physical altercation, and Sneed hit Ali on the side of the face with his hand. Although the parties disagree as to whether the hit was intentional and how forcefully Sneed hit Ali, even an intentional, forceful hit would be insufficient to establish that Sneed was acting under the color of law. There are no allegations that at any point Sneed detained, arrested, or threatened to arrest Ali. The dispute and subsequent physical altercation were purely personal.

The Fifth Circuit's holding in *Bustos* is instructive to the Court's analysis of the altercation at issue in this case. *Bustos*, 599 F.3d 458. In *Bustos*, the Fifth Circuit found that the off-duty police officer defendants were not acting under the color of law when they assaulted the plaintiff in a bar. *Id.* at 465. The court found that "no 'air of authority'

pervaded this barroom altercation" because there was no suggestion that the officers had misused their official authority in any manner. *Id.* "If an officer pursues personal objectives without using his official power as a means to achieve his private aim, he has not acted under color of state law." *Id.* In this case, like in *Bustos*, a private dispute escalated into a physical altercation. The facts alleged establish that Sneed and Ali were settling a personal score with each other and at no point did Sneed wield his official power against Ali. Accordingly, Sneed did not act under color of law. *See e.g., Townsend*, 291 F.3d at 860; *Harris v. Rhodes*, 94 F.3d 196 (5th Cir. 1996).[3]

**b. The requirement that Sneed was acting under color of law is a jurisdictional requirement, not a substantive determination.**

Citing the holding in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), Ali argues that "[w]hether Deputy Sneed was acting under color of law is a substantive determination and not a matter of jurisdiction since it is an element for recovery under 42 [U.S.C.] § 1983". (Dkt. 136 at p. 10). As such, Ali argues that "Sneed's 'mischaracterized' jurisdictional claim is instead a substantive claim that is untimely and has been waived since the color of law is an element of Plaintiff's Constitutional Claim." (Dkt. 136 at p. 11). The Court finds this argument unpersuasive.

---

[3] Ali argues that by admitting in his answer that "he was a law enforcement officer acting under the color of law" Sneed has waived any challenge to the Court's subject matter jurisdiction over this case. (Dkt. 136 at p. 6; Dkt. 50 at p. 3). The Court finds this argument unpersuasive. It is well established that parties cannot waive the issue of subject matter jurisdiction "by consent, conduct or even estoppel." *Sarmiento v. Tex. Bd. of Veterinary Med. Examiners By & Through Avery*, 939 F.2d 1242, 1245 (5th Cir. 1991).

As noted above, it is well established in the Fifth Circuit that a failure to state a cause of action under 42 U.S.C. § 1983 "has the effect of depriving federal courts of subject matter jurisdiction." *Herald v. Schweiker*, 658 F.2d 359, 363 n. 6 (5th Cir. 1981) (citing *Campbell v. Gadsden Cty. Dist. Sch. Bd.*, 534 F.2d 650, 653 n. 3 (5th Cir. 1976)). Thus, the requirement that Sneed allege facts establishing that Ali was acting under color of state law to state a claim under 42 U.S.C. § 1983 is a jurisdictional requirement, not a substantive determination and cannot be waived. *See id*. Ali's reliance on *Arbaugh* as persuasive authority to the contrary is misplaced. The opinion in that case did not consider the question of subject matter jurisdiction under 42 U.S.C. § 1983 claims but rather under an entirely different statute, Title VII of the Civil Rights of 1964. *Id*. The Court finds that in the absence of any facts establishing that Sneed acted under color of state law in allegedly striking Ali, Ali cannot establish a claim against Sneed under 42 U.S.C. § 1983. *See Bustos*, 599 F.3d 458. Accordingly, the Court has no subject matter jurisdiction to hear this dispute.

## IV.    CONCLUSION

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction to hear this case. The case is **DISMISSED.** Sneed's motion for summary judgment is **DENIED as moot.**

SIGNED at Houston, Texas, this 21st day of May, 2021.

*George C. Hanks Jr*

GEORGE C. HANKS, JR.

UNITED STATES DISTRICT JUDGE